(No. 37080.— )
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. ALBERT F. CASH, Plaintiff in Error.

*Opinion filed February 1, 1963.*

RICHARD H. DEVINE, of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and EDWARD J. HLADIS and EDWIN J. BELZ, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, Albert F. Cash, was indicted by the grand jury of the criminal court of Cook County on two counts. The first count charged that the defendant agreed to accept a bribe. The second count charged him with receiving a bribe. After a jury trial, the defendant was found guilty on both counts. On the first count, the jury fixed a fine of $1,000. The court sentenced the defendant on the second count to imprisonment in the penitentiary for a term of one to five years. The defendant now prosecutes this writ of error for review and as grounds for reversal contends that the court erred in refusing to instruct the jury on the law of entrapment; that an assistant State's Attorney entrapped the defendant to help his friends, and therefore acted under a conflict of interest; and that the court erred in overruling the defendant's motion to vacate the judgment as to the count charging the defendant with agreeing to accept a bribe.

At the time of the alleged offenses, the defendant was the duly elected president of village of Markham, Illinois and as president was acting as the local liquor control commissioner of the said village. In that capacity he was empowered to conduct hearings relative to violations of local laws and ordinances pertaining to the sale of liquor to minors, and to revoke or suspend local licenses.

A local liquor license was issued to Donald Harneck, and Donald Harneck and E. John Harneck operated the Coral Lounge in Markham. On August 26, 1960, James Smith, a bartender of the Coral Lounge was arrested and charged with selling alcoholic beverages to minors. E. John Harneck employed Neil VanderVeen, an attorney, to represent Smith. On September 7, 1960, VanderVeen, Donald Harneck, and Smith appeared at a hearing before the defendant, Albert F. Cash. After hearing some evidence, the defendant continued the matter.

VanderVeen testified that upon leaving this hearing the defendant approached him and asked for $12,000 to "work a deal". Donald Harneck and E. John Harneck testified that thereafter VanderVeen withdrew as their attorney, and defendant Cash reduced his demand to $6,000.

E. John Harneck testified that on September 20, 1960, at 11:00 P.M., Cash called him at his bowling alley and asked him to meet him in front of Cash's house. On September 21, he called Cash and told him he could not meet him that night, but he would see him the next night at the same place. The next night Cash collected part of the bribe money from E. John Harneck. The defendant was promptly arrested by State's Attorney's police, who had the defendant under constant surveillance. The defendant offered no evidence to contradict this testimony.

The defendant first contends that the court erred in refusing to instruct the jury on the law of entrapment. We have previously held that if it appears that officers of the law or their agents incited, induced, instigated or lured the accused into committing an offense which he otherwise would not have committed and had no intention of committing, and if a criminal design or intent to commit the offense originates in the mind of one who seeks to entrap the accused and who lures him into the commission merely for the purpose of arresting and prosecuting him,

entrapment is established and no conviction may be had. *People* v. *Strong,* 21 Ill.2d 320; *People* v. *Outten,* 13 Ill.2d 21.

From an examination of the record, however, we believe the undisputed testimony of the People proves that the crime originated in the mind of the defendant and that he was apprehended by lawful artifice in the execution of a criminal act of his own conception. The trial court properly refused to instruct the jury in regard to the law of entrapment, since no question of fact was presented.

The defendant next complains of the conduct of a former assistant State's Attorney who testified on behalf of the People. One Bromberg, while an assistant State's Attorney, met with the Harnecks and discussed the bribe offer and made arrangements for the arrest of Cash. Thereafter he appeared in criminal court at the request of Harneck's attorney, who was hospitalized, to obtain a continuance for Smith, the Harneck's bartender. Thereafter Bromberg withdrew his appearance, and received no compensation for this service. Bromberg terminated his employment with the State's Attorney's office about three months before he was called as a witness in this case.

Even if the conduct of the former assistant State's Attorney be deemed imprudent, his conduct was separate and apart from the criminal acts of the defendant. The imprudent conduct of a former public employee in no manner served as a justification for defendant's criminal acts. The defendant, while being quick to point out the conduct expected from an assistant State's Attorney, significantly fails to set forth the conduct required from a person who occupied a position of trust such as that of defendant.

Finally, it is contended that the court erred in overruling the defendant's motion to vacate the judgment on the misdemeanor count charging the defendant with agreeing to accept a bribe, on the ground that the misdemeanor

of agreeing to accept a bribe merged into the felony of receiving a bribe. The first count of the indictment charged that on the 16th day of September, 1960, Albert Cash agreed to a sum of $6,000 as a bribe. The second count charged that on the 22nd day of September, 1960, Albert Cash received $1,000 as a bribe.

There was more than one criminal act. There was no unity of time, place and circumstances. Therefore, the misdemeanor would not merge in the felony. *People* v. *Hill,* 345 Ill. 103, 107; 22 C.J.S., Criminal Law, sec. 10.

From an examination of the record in its entirety, we find that the defendant was properly convicted of the crimes of agreeing to accept a bribe and of receiving a bribe. Accordingly, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*