THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN BUCCIFERRO *et al.*, Defendants-Appellants.

First District (1st Division) No. 60024

Opinion filed March 29, 1976.

Warren D. Wolfson and Glenn E. Gutsche, both of Chicago, for appellants.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Jerome Charles Randolph, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON delivered the opinion of the court:

Defendants John Bucciferro and Michael Liska together with a third defendant were charged with criminal damage to property in that they knowingly damaged a "1969 Chev" belonging to Charles Molter, such damage not having exceeded $150. All three defendants were found guilty in a bench trial. Defendants Bucciferro and Liska were sentenced to 1 year in the county jail, and they appealed from this judgment. The third defendant is not involved in this appeal.

The incident took place in the early morning hours on October 20, 1973, in Cicero. Mr. Molter testified he and two friends were in a tavern, that one of his friends and defendant Bucciferro engaged in an arm wrestle, that a fight broke out which was settled, and he and his two friends then went to another tavern. Mr. Molter testified he left the second tavern to go to a drug store to purchase cigarettes. While between the tavern and the drug store, Mr. Molter saw the defendants and the third defendant damaging his car. According to Mr. Molter, the defendants Bucciferro and Liska smashed the back window, lifted up the hood and pulled out wires, and then closed the hood and kicked the front fender. Mr. Molter hailed a Cicero squad car, reported the damage to his car and went back to the tavern with the officer and pointed out the defendants Bucciferro and Liska as well as the third defendant as the persons who had damaged his car. The officer arrested them and took them to a police station where Mr. Molter signed a complaint. The defendants and their codefendant denied doing any damage to Mr. Molter's car or knowing before their arrest that Mr. Molter had a car.

Defendants raise the following contentions on this appeal: They did not knowingly waive their right to a jury trial because the record does not

reflect any opportunity for the public defender to consult with them between his appointment and his statement for the record that the defendants waived their right to trial by jury; The complaints and convictions are void since venue in Cook County was neither alleged in the complaints nor proved at trial; They did not receive effective assistance of counsel; They were denied a fair and impartial trial because of hostility the court showed to the defendants and witnesses; the evidence did not establish that the defendants were guilty beyond a reasonable doubt; the trial judge failed to hold a proper sentencing hearing; and the sentences imposed were excessive.

■■ We are required by *People v. Murrell* (1975), 60 Ill. 2d 287, 326 N.E.2d 762, to conclude there was a voluntary and understanding waiver by defendants of trial by jury.

■■ Venue in Cook County, Illinois was sufficiently alleged by the words "County of Cook" which appeared twice in the printed complaint form and the words "State of Illinois" which appeared five times. (*People v. Williams* (1967), 37 Ill. 2d 521, 229 N.E.2d 495.) The face of the complaint discloses that the case was to be in the Cicero Court Branch. The proof establishes that the offense took place in Cicero and the court was entitled to take judicial notice of the geographical fact that Cicero is in Cook County. (*People v. Taylor* (1970), 121 Ill. App. 2d 403, 257 N.E.2d 524.) We, therefore, conclude that venue was sufficiently alleged in the complaints and proved at trial.

The transcript of proceedings in the trial court consisted of 40 pages of testimony and colloquy. The case turned upon the conflict between Mr. Molter's testimony that he saw the defendants damage his car and the testimony of the defendants that they did not go near his car. The defendants argue that their counsel by failing to cross-examine Mr. Molter on his identification of the defendants failed in his obligation to provide effective representation.

The record shows that the public defender who represented the defendants Bucciferro and Liska as well as the one who represented the third defendant attempted by their cross-examination to discredit Mr. Molter's identification. Had they pursued this line of cross-examination more vigorously, this might only have resulted in Mr. Molter becoming more positive about his identification and strengthening the account he gave of his opportunity to observe the defendants. Defense counsel presented the testimony of each defendant as well as the third defendant denying they damaged the car. The defendants complain because their counsel did not present a motion for a directed verdict at the end of the State's case, but it is obvious that such a move would have been futile.

■■■ The fact that the record does not show a recess or continuance after the public defender was appointed to permit him to consult with the

defendants before they pled to the charge, as contemplated by section 113—3(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, §113—3(a)), did not prejudice the defendants. Nor were the defendants harmed by their counsel's waiver of closing argument; a separate public defender appointed to represent the third defendant presented a closing argument which covered the evidence as it related to all three of the defendants, and an additional closing argument by the public defender representing the defendants Bucciferro and Liska would have been only repetitious. On this record we cannot say that counsel's representation of the defendants Bucciferro and Liska was so poor he turned the proceeding into a farce, or that he was actually incompetent in carrying out his duties, or even that he failed to provide a minimum standard of professional representation, different tests which have been applied in determining whether a defendant received effective assistance of counsel. *People v. Meeks* (1975), 27 Ill. App. 3d 144, 326 N.E.2d 413.

■■ Neither can we say that the record supports the defendants' contention that the court was hostile to the defendants and this prevented them from receiving a fair trial. The court's rulings on a limited number of inquiries to Mr. Molter on cross-examination, relating to his efforts to purchase cigarettes do not evidence prejudice against the defendants. Nor does the fact that the court, in a case where the evidence put defendants Bucciferro and Liska and the third defendant in one or more taverns, asked them their age. At the start of the testimony of a defense witness the court stated to him, "If I find you are lying you are going to jail for perjury. I want the truth." Although this might better have been left unsaid, the admonition standing alone was not reversible error. (*People v. Oster* (1966), 69 Ill. App. 2d 421, 217 N.E.2d 408.) Moreover, the admonition did not appear to have curtailed the testimony of the witness as he fully corroborated the denials already testified to by the defendants themselves. Similarly the court's remarks, when trying to ascertain whether the mother of the third defendant who appeared as a witness offered to pay Mr. Molter not to testify, do not evidence prejudice. The witness claimed not to know paying Mr. Molter to drop the charges was no different than paying him not to testify and the court responded, "you know plenty about it." This did not demonstrate hostility which prevented the court from impartially deciding whether to believe Mr. Molter's account or the defendants' account. We reject the defendants' contention that the totality of the court's statements and ruling are evidence of hostility which made a fair and impartial trial an impossibility.

■■ Mr. Molter's identification of the defendants and the third defendant as the persons who damaged his car and his testimony in regard to the incident were not so unsatisfactory and unreasonable as to raise a reasonable doubt as to the defendants' guilt. Mr. Molter's testimony, if be-

believed by the court, constituted proof beyond a reasonable doubt, notwithstanding defendants' denials. *People v. Luckey* (1970), 126 Ill. App. 2d 15, 29, 261 N.E.2d 449.

■■ Although Mr. Molter in his testimony referred only to his car without describing the make or year of the damaged car, this is not a ground for reversal. The only reason for requiring a more specific description of the damaged car would be to protect the defendants against double jeopardy. The complaints identify the car in question and the defendants would receive adequate protection against double jeopardy from the proceedings in this action which would be available to them in the event of a second prosecution. (*People v. White* (1971), 130 Ill. App. 2d 775, 267 N.E.2d 129.) In *People v. Acevedo* (1972), 5 Ill. App. 3d 968, 284 N.E.2d 488, on which defendants rely, there was no testimony by either the complaining witness or the arresting officer to establish that the vehicle in which the defendant was arrested was the one described in the complaint or that it was owned by the complaining witness. In this case, Mr. Molter's testimony connected the defendants to his car and the damage done to it. Mr. Molter's failure to identify defendant Liska by name is also not a ground for reversal. Mr. Molter pointed him out as one of the three persons who damaged his car and this was sufficient to connect defendant Liska with the offense.

■■ The judgment that the defendants are both guilty as determined by the circuit court is affirmed. The sentences imposed, however, were improper since the only sentence the statutes permit for the offense of criminal damage to property not exceeding $150 is less than 1 year. (Ill. Rev. Stat. 1973, ch. 38, §§21—1(a) and 1005—8—3.) Rather than reducing the sentences imposed we vacate them and remand this cause to the circuit court for a new sentencing hearing. The reason for this remand is twofold. First, it does not appear from the record that the circuit court exercised any discretion as to whether the defendants should be sentenced to probation with some of the requirements permitted by section 5—6—3(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, §1005—6—3(b)). Notwithstanding the criminal record of defendant Liska, we view this as an appropriate case for consideration of a sentence of probation for either or both of the defendants with the requirement that restitution be made to Mr. Molter and possibly with other requirements permitted by section 5—6—3(b) (Ill. Rev. Stat. 1973, ch. 38, §1005—6—3(b)). Although the matter of sentencing to probation is one for the judicial discretion invested in the circuit court, remand for a new sentencing hearing will permit the court to exercise that discretion. The remand is not, however, to be construed as limiting the circuit court's discretion in the matter in any respect. (See *People v. Bolyard* (1975), 61 Ill. 2d 583, 588-89, 338 N.E.2d 168, 171; *People ex rel. Ward v. Moran* (1973), 54 Ill.

2d 552, 557,301 N.E.2d 300; *People v. McAndrew* (1968), 96 Ill. App. 2d 441, 452-53, 239 N.E.2d 314.) The second reason for remanding this cause is that it is the view of this court that the conduct of the defendants in causing damage of less than $150 to a car does not justify sentences approximating the length of the ones they received. This observation particularly applies to defendant Bucciferro whose only previous offense was disorderly conduct; it also applies to defendant Liska. In the event probation is denied, the circuit court in a new sentencing hearing can impose appropriate sentences for the offense committed. It is directed that this cause be assigned for the new sentencing hearing to a judge other than the one who presided at the trial.

Affirmed in part, vacated in part, and remanded with directions.

GOLDBERG, P. J., and BURKE, J., concur.