THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DONNA DARLING, Defendant-Appellant.

Third District   No. 76-182

Opinion filed March 18, 1977.

STOUDER, J., concurring in part and dissenting in part.

Joseph C. Polito, of Kozlowski & Polito, of Joliet, for appellant.

Edward Petka, State's Attorney, of Joliet (Bart Markese, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Donna Darling, the defendant, was after trial by jury in the Circuit Court of Will County found guilty of the offense of prostitution and sentenced to a 60-day term of imprisonment in the county jail.

In this appeal the defendant raises a number of issues which she assigns as reversible error and as we consider them we will set forth the facts which are pertinent to each issue.

The defendant first contends that the trial court committed error when it failed to instruct the jury on the issue of entrapment, an instruction which she tendered to the court. In order to make a determination of this issue it is necessary for us to set forth certain facts relating to the defendant's arrest and trial.

On February 4, 1974, James Prodehl, a City of Joliet police officer assigned to the prostitution detail, saw a parked yellow Plymouth motor vehicle in which the defendant was sitting behind the steering wheel. Prodehl approached the defendant and asked her "what was happening?" and the defendant replied "not much." Prodehl then said to the defendant "you are too good looking to be around this neighborhood," to which the defendant replied "but the money is good here." Prodehl then asked "how much?" and the defendant said $25. Prodehl then made the inquiry "Can you drop it down for a straight blow job?" and the defendant replied "are you fast?" This question Detective Prodehl answered by stating "just looking at you and I can make it right now." The final colloquy was when the defendant said, "O.K. if you are fast." Soon thereafter the defendant entered detective Prodehl's vehicle on the passenger side and at that time was placed under arrest.

During the trial of the defendant she did not produce any evidence or elect to testify, however, during the jury instruction conference she requested the judge to instruct the jury on the law of entrapment. The judge refused to give the entrapment instruction tendered by the defendant and the question now presented to us is whether such refusal was error.

We answer the question which has been posed by stating that the trial judge did not commit error by refusing to give the instruction on entrapment. This conclusion is inescapable since the defense of entrapment is an affirmative defense. (See Ill. Rev. Stat. 1975, ch. 38, par. 7—14.) An affirmative defense means that unless the State's evidence raises the issue involving the alleged defense, the defendant, to raise the issue, must present some evidence thereon. (See Ill. Rev. Stat. 1975, ch. 38, par. 3—2(a).) As we have stated, the defendant produced no evidence during the course of her trial, so the question remaining is whether the State's evidence raised the issue of the defense of entrapment. Again we must answer a pivotal question in the negative. Section 7—12 of the

Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 7—12) defines entrapment as follows:

> "A person is not guilty of an offense if his conduct is incited or induced by a public officer or employee, or agent of either, for the purpose of obtaining evidence for the prosecution of such person. However, this Section is inapplicable if a public officer or employee, or agent of either, merely affords to such person the opportunity or facility for committing an offense in furtherance of a criminal purpose which such person has originated."

■■ ■ The record in the instant case clearly demonstrates that the defendant had the intention and design to commit the offense of prostitution. Merely because a law enforcement officer afforded her the opportunity to commit the crime and encouraged her to agree to an act of fellatio does not establish entrapment. We have set out in detail and in verbatim the colloquy which ensued between the police officer and the defendant and after examining the same it can in no way be construed as evidence adduced by the State which would raise the issue of entrapment and require a jury instruction to be given on such defense. (See *People v. Deppert* (1973), 15 Ill. App. 3d 361, 304 N.E.2d 499.) The evidence adduced by the State was uncontradicted and disclosed no evidence of entrapment and hence it was not necessary to submit the question of entrapment to the jury. See *People v. Cash* (1963), 26 Ill. 2d 595, 188 N.E.2d 20; *People v. Kadlec* (1974), 21 Ill. App. 3d 289, 313 N.E.2d 522.

Secondly, the defendant contends that reversible error was committed by the trial court when she was not granted an opportunity to make a statement in her own behalf. It is true that at the sentencing hearing the defendant was not afforded an opportunity to make a statement which on first impression is contrary to a mandate in our Criminal Code which provides:

> "(a) After a determination of guilt, a hearing shall be held to impose the sentence. At the hearing the court shall:
>
> ❋ ❋ ❋
>
> (5) afford the defendant the opportunity to make a statement in his own behalf." (Ill. Rev. Stat. 1975, ch. 38, par. 1005—4—1(a).)

In spite of the foregoing statutory provision it is settled that within the facts of this case no error was committed when the defendant was not afforded an opportunity to speak on her own behalf. In the instant case the defendant's attorney was given an opportunity to present evidence in mitigation of sentencing and the trial court heard sentencing alternatives from both parties. The defendant did not specifically make a request to speak in her own behalf.

■■ Where a hearing in mitigation and aggravation is held at which

defense counsel's arguments are heard, the failure of the trial court to permit the defendant to make a statement on his own behalf prior to sentencing is a technical or formal error which does not require reversal. (See *People v. Spiler* (1975), 28 Ill. App. 3d 178, 328 N.E.2d 201.) It (failure to permit defendant to speak in his own behalf) is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. (See *Hill v. United States* (1962), 368 U.S. 424, 7 L. Ed. 2d 917, 82 S. Ct. 468.) While we do not condone the action of the trial court, we are satisfied that under the circumstances the sentence imposed would not have been otherwise. *People v. Anderson* (1971), 48 Ill. 2d 488, 272 N.E.2d 18.

The defendant next contends that the trial court erred by not considering probation as a proper sentence. This contention is belied by the record since counsel for defendant after informing the court that the defendant had previously been convicted for the offense of prostitution then requested that in the instant case his client be incarcerated for three days and that this sentence be served concurrently with the sentence which was imposed as the result of a previous conviction for the offense of prostitution, which was one year probation and three days incarceration in the county jail. The trial court was aware of the defendant's prior conviction and certainly was not operating in a vacuum. It is evidenced by the trial court's docket that sentencing alternatives were presented to the court and considered by the court before the 60-day imprisonment sentence was imposed. The case of *People v. Bucciferro* (1976), 37 Ill. App. 3d 211, 345 N.E.2d 738, is distinguishable from the instant case in that in *Bucciferro* the trial court clearly did not consider a sentence of probation or other alternatives permitted by our Criminal Code.

■■ Lastly the defendant argues that sentence of 60 days in the county jail is excessive. It is true that the defendant was convicted for a nonviolent crime and is the mother of three minor children; however, she was found guilty of a Class A misdemeanor and the trial court could have sentenced the defendant to a period of 364 days of imprisonment. (See Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—3(1).) In view of the great latitude possessed by the trial court, we do not deem a sentence of 60 days of incarceration in the county jail to be excessive.

For the reasons set forth we are of the opinion that the judgment of the Circuit Court of Will County and the sentence imposed thereon should be affirmed.

Judgment affirmed.

ALLOY, P. J., concurs.

Mr. JUSTICE STOUDER, concurring in part and dissenting in part:

I join with the majority of the court in affirming defendant's judgment of conviction for prostitution. However, I believe the sentence is excessive and is improper under the circumstances presented by the record. I would vacate the sentence and remand the case to the trial court for resentencing.

At the outset, it seems to me the course of events which culminated in the sentence imposed present several peculiarities affecting the propriety of the sentence. The majority justifies the trial court's action because of its reliance on defendant's prior record. I believe this reliance on the prior conviction is misplaced.

As noted in the majority opinion, the conduct which gives rise to this conviction occurred early in February 1974. Sometime after the occurrence of this offense another act of misconduct occurred of the same nature, *i.e.*, prostitution. Defendant was tried for this subsequent occurrence in December 1975, which trial resulted in her conviction and sentencing on January 6, 1976, to one year of probation with three days incarceration as a special condition of the probation. The trial in the instant case took place on January 26, 1976, and the sentencing on February 5, 1976. Thus the prior conviction upon which the trial court and majority rely represents a conviction for an offense which occurred subsequent to the misconduct which is the basis of the present conviction and sentence.

When a defendant's prior criminal record is considered as a factor in enhancement of the penalty to be imposed, the court is concerned primarily with recidivism. If the person has committed an offense, has been sentenced for the offense, has served his sentence and has thereafter committed another offense, the justification for considering the prior offense is generally stated in terms of the defendant's demonstrated inability to conform his conduct to the standards required by society. If, as in the instant case, the defendant was not convicted and the penalty was not imposed prior to the occurrence of the misconduct charged, then it follows the prior conviction is not that kind of evidence having any substantial significance favoring an enhanced sentence. Such a conviction has even less significance when it reflects a conviction for a later occurring misconduct.

Defendant was granted probation on January 6, 1976, and so far as the record is concerned, there is no indication the court was unaware of the present charge. It is clear the prosecution was aware of both charges at the time of the first conviction. The prior sentence granting defendant probation is entitled to even less significance when it is considered that the conviction in this case could not be considered a violation of her probation.

The majority of the court concede the statute requires the trial court to afford defendant an opportunity to make a statement in her own behalf. It appears from the record the trial court did not afford her such an opportunity. In *People v. Spiler*, 28 Ill. App. 3d 178, 328 N.E.2d 201, the court considered such failure of the trial court to offer defendant an opportunity to speak in his own behalf error. However, in that case it was considered harmless error because in the view of the reviewing court the same sentence would have been imposed regardless of what defendant might have said. In the instant case I do not think a similar conclusion is warranted, particularly in light of the apparently improper consideration of a prior conviction for subsequent misconduct.

What I have said earlier in this opinion relates primarily to my belief the trial court and my colleagues have given the prior conviction improper and undeserved significance. In addition, there are other factors from which I conclude the sentence is excessive.

The State's Attorney recommended a sentence of six months in jail. The trial court imposed a sentence of 60 days in jail. In my opinion the record does not support either the recommended sentence or the sentence actually imposed. This is true particularly where a sentence imposed approximately one month earlier for similar conduct occurring later was substantially less. If the earlier sentence was the reasonable and customary penalty for this kind of conduct in this community, then the sentence recommended and the one imposed are excessive.

As can be concluded from the facts, the sentence imposed in this case was imposed nearly two years after the occurrence. It is difficult to justify the imposition of the sentence of the kind in this case two years after the fact unless the record affirmatively demonstrates the delay was the result of defendant's conduct. In the instant case the record does not so show and no such contention has been made. I believe we can take judicial notice the misdemeanor jury calendar in Will County has not been effectively and efficiently handled. The delays in the final disposition of misdemeanors is the result of court deficiencies. A fair administration of our judicial system requires that such factor be taken into account in fashioning an appropriate sentence under the circumstances.