THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PAUL PATTON *et al.,* Defendants-Appellants.

(No. 72-252; ▮▮▮▮▮▮▮▮▮▮

Fifth District—December 4, 1975.

James R. Streicker and Allen L. Wiederer, both of State Appellate Defender's Office, of Chicago, and Charlene Degen, Law Student, for appellants.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Robert J. Anderson, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE JONES delivered the opinion of the court:

The defendants, Paul Patton and Robert Singleton, were indicted for the offense of theft (over $150). Following trial by jury, defendant Patton was convicted of theft (under $150) and sentenced to 9 months' imprisonment. The jury found defendant Singleton guilty of theft (over $150). The court sentenced him to 1 to 2 years in the penitentiary. The only issue presented for review is whether the trial court erred in denying defendant's motion to suppress their statements allegedly obtained as a result of police interrogations after defendants asserted their rights to remain silent and requested assistance of counsel.

On January 30, 1972, the manager of the Three Sisters Dress Shop in East Alton, Illinois, reported to the East Alton police the theft of eight

leather coats from her shop. She had observed the license number of the vehicle driven by the thieves. The local police broadcast this information to all other jurisdictions in the area and pursued the vehicle. A State police car observed the car and a high-speed auto chase then ensued. The vehicle crossed the bridge into Missouri. Police from Missouri attempted to stop the vehicle. One officer pursuing the car observed an individual jump from the moving automobile. This officer obtained a good view of this individual and later identified him as defendant Singleton. Officers from the Jennings, Missouri, Police Department eventually stopped the vehicle. At the time of the stop, an individual, later identified as defendant Patton, was behind the wheel of the auto. The police found eight leather coats, later identified as the property of the Three Sisters Dress Shop, on the rear seat of the automobile.

On February 17, 1972, the defendants were indicted for theft (over $150). On April 25, 1972, they filed a motion to suppress confessions alleging that they had not been sufficiently warned of their constitutional rights prior to the time they made their statements. On June 5, 1972, the defendants filed an amended motion to suppress asserting that East Alton police officers had falsely stated that the defendants had given inculpatory statements.

The defendants contend it was error to deny their motion to suppress their statements obtained as a result of police interrogation after they purportedly asserted their right to remain silent and requested counsel. The case involves two defendants who made statements under slightly different factual circumstances. Because the right to suppress a statement is personal in nature (*People v. Denham*, 41 Ill.2d 1, 241 N.E.2d 415), the factual situation of each defendant must be examined separately to determine whether that defendant's statement should have been suppressed.

Two East Alton police officers testified that after being advised of his rights, defendant Patton made an incriminating statement to them in Jennings, Missouri, during custodial questioning. They also testified that after being advised of his rights and signing a waiver, defendant Patton made further incriminating statements in the police station in East Alton, Illinois.

Defendant Patton does not contest that he was fully advised of his constitutional rights at the time he was booked in Jennings, Missouri. Nor does the record of the hearing on the motion to suppress show that he requested an attorney while he was in Jennings. Patton does, however, contend that he asserted his right to remain silent while he was in Jennings. He also contends that he did not make any statement to the

officers from East Alton while at the Jennings or East Alton police stations.

Initially, Patton testified that when he first arrived at the Jennings Police Station he was asked if he wanted to say anything and he told the police "no." While Patton was in the Jennings Police Station, he signed a form indicating that his constitutional rights had been explained to him, but did not sign a clause, on the same form, which stated that he wished to waive those rights. Patton was not thereafter questioned by the Jennings police.

The two policemen from East Alton, who meanwhile had arrived at the Jennings Police Station and who had been made aware that defendant Patton had been advised of his *Miranda* rights and had signed a "form," proceeded to advise Patton again of his constitutional rights. According to their testimony, Patton then freely admitted to them his complicity in the alleged theft. Patton, on the other hand, contradicted this testimony. He testified that after he was informed of his rights by one of the East Alton officers, he again refused to make any statement.

Although at one place in his testimony during the hearing on the motion to suppress, Patton admitted that he never requested a lawyer from Officer Browning of the East Alton Police Department while in custody at the Jennings Police Station, he later stated at trial that he requested a lawyer while at the Jennings station. Officer Bristow of the East Alton police had explained earlier (during the hearing on the motion to suppress) that he did not know if Patton had requested a lawyer from the Jennings police. He did state, however, that Patton had never requested a lawyer at any time in his presence.

After being persuaded to waive extradition, defendant Patton was transported back to East Alton the day after his arrest. Upon arrival at the East Alton Police Station, Patton was a third time advised of his rights, again signed a form indicating that his rights had been explained, and according to the East Alton policeman, again admitted that he was the driver of the car used in the commission of the instant offense. Patton, however, testified that he requested assistance of counsel, asserted his right to remain silent, and was thereafter interrogated by the police. Patton's testimony notwithstanding, there exists both testimony and evidence in the record that shows that Patton signed a form in East Alton which stated, among other things, that he wished to talk to the police officers without a lawyer being present. One East Alton officer testified that Patton never requested a lawyer at any time in his presence.

The ruling of the trial court on a motion to suppress will not be set aside unless it is against the manifest weight of the evidence. (*People v. Pittman*, 55 Ill.2d 39, 302 N.E.2d 7; *People v. Cooper*, 30 Ill.App.3d 326,

332 N.E.2d 453; *People v. Willis*, 26 Ill.App.3d 518, 325 N.E.2d 715.) In ruling on a motion to suppress, it is the trial court's province to determine the credibility of the witnesses and the weight to be given their testimony. (*People v. West*, 25 Ill.App.3d 827, 322 N.E.2d 587; *People v. Gonzales*, 22 Ill.App.3d 83, 316 N.E.2d 800.) At the hearing on the motion to suppress, Patton testified that he had asserted his right to remain silent both in Jennings and in East Alton; he also testified that he had requested a lawyer in East Alton. The testimony of the police officers and other evidence in the record, however, substantially contradicts Patton's testimony. That the trial court chose to believe the testimony of the police officers and other evidence presented was within its province as trier of fact.

■■ Patton's failure or refusal to sign a waiver of constitutional rights in Jennings was under the circumstances insufficient by itself to establish that he wished to stop an interrogation. (*People v. West*; *United States v. Ingram*, 477 F.2d 236 (7th Cir. 1973).) Once Patton had been informed of his rights in Jennings by the officers from East Alton and had indicated his understanding of them to the officers, his choosing to speak was indicative of the fact that he wished to waive those rights. (*People v. Brooks*, 51 Ill.2d 156, 281 N.E.2d 326; *People v. Bunting*, 18 Ill.App.3d 99, 309 N.E.2d 316; *People v. Long*, 119 Ill.App.2d 75, 255 N.E.2d 491.) The waiver form signed by Patton in East Alton was positive evidence, pursuant to *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602, that he had been informed again of his constitutional rights and once more desired to waive those rights. For all of the foregoing reasons, we are of the opinion that the trial court did not err in denying defendant Patton's motion to suppress his confession.

■■ As to defendant Singleton, it is clear that he asserted his right to remain silent after having been advised of his *Miranda* rights by the East Alton police officers immediately following his arrival at the Jennings Police Station. The next day, after Singleton, too, had been transported to East Alton, one of the East Alton policemen again advised him of his rights. According to the testimony of one of the East Alton officers, during the motion to suppress, Singleton, as did Patton, admitted to him his involvement in the alleged theft. Both East Alton police officers at trial claimed that Singleton told him he expected to receive about $200 for the coats.

Singleton denied making any statements to the East Alton police either in Jennings or in East Alton. He testified that he refused to sign a waiver of rights form at the Jennings Police Station and explained that he was persuaded to indicate his agreement to the form he signed at the East

Alton Police Station because the officers told him that by signing he was merely acknowledging his understanding of his *Miranda* rights. Singleton stated that after having been advised of his constitutional rights in Jennings and in East Alton he refused to say anything.

The conflicts in the foregoing testimony are apparent. It was for the trial court to decide whether to believe the testimony of the police officers or that of defendant Singleton. Our review of the testimony adduced at the hearing on the motion to suppress indicates that the trial judge's ruling was not contrary to the manifest weight of the evidence. Consequently, we find no error in the trial court's failure to grant defendant Singleton's motion to suppress his confession.

We have examined the recent case of *People v. White*, 61 Ill.2d 288, 335 N.E.2d 457, and find nothing there which compels a contrary result in this case. As in *White*, the question here must be viewed in the context of compliance with the requirements of *Miranda v. Arizona*, and not as a deprivation of the right to counsel guaranteed by the sixth amendment to the United States Constitution. As we have stated, the matter is essentially one of the credibility of the witnesses and this has been resolved against the defendants. Present in *White*, but absent here, is credible evidence which would support defendants' claims that they asserted the rights assured them by *Miranda*. Squarely refuting defendants' claim of violations of their right to remain silent, and to have counsel present during questioning, are their signed statements in which they acknowledged that their *Miranda* warnings were given and that they wished to talk to police officers without a lawyer being present. These statements were signed in the East Alton Police Station at a time and place removed from the police station in Jennings, Missouri. There is nothing in the record to suggest that defendants had an I.Q. deficiency, or failed to understand or that any force, threats or coercion were used in obtaining their signatures upon the statements in question.

The judgments of conviction entered by the circuit court of Madison County against defendants Patton and Singleton are affirmed.

Judgments affirmed.

EBERSPACHER and G. J. MORAN, JJ., concur.