THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIE STERLING, Defendant-Appellant.

First District (3rd Division)   No. 76-664

Opinion filed July 26, 1978.

Jeffrey Lawrence and George E. Faber, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, James Veldman, and Mary Ann Callum, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE SIMON delivered the opinion of the court:

Defendant, Willie H. Sterling, was charged with driving while intoxicated. He was found guilty by a jury and sentenced to a term of 6 months in the Cook County Department of Corrections. On appeal, he presents three issues: (1) whether the court erred in denying his motion to suppress the results of the breath and performance tests administered to him; (2) whether the trial court conducted a legally sufficient sentencing hearing; and (3) whether his sentence was excessive.

Defendant moved to suppress the results of the breath and performance tests, which subsequently were introduced into evidence at trial. At the hearing on that motion, defendant testified that at 5:30 p.m. on March 17, 1974, he left his house in Markham to go to Chicago to visit his children by a former wife. After traveling some city streets, he drove up the ramp to gain access to highway I-57 and headed north toward Chicago. Parked on the ramp were two State police cars and a tow truck. After he had traveled a short distance on I-57, the police sounded their sirens and pulled him over to the left shoulder. The two police cars pulled in back of him and a tow truck pulled in front of him. When defendant emerged from his car, Officer Zurawski of the Illinois State police told him to "shut up" and then hit him on the side of the head five or six times. He was thrown into the trunk or back seat of the car.

His next recollection was being at the police station. There, defendant realized he was hurt and could not see or talk. Defendant also claimed the police did not give him his *Miranda* warnings, and he signed a consent form for the breath test because he was frightened. Following the tests the police took him to the hospital. According to defendant, Officer

Zurawski visited him at the hospital and threatened him if he did not sign several release papers.

A plastic surgeon testified that he examined defendant on the morning following the incident and observed tenderness and swelling on the left side of defendant's face, cheek area and lower eyelid region. Surgery was performed to repair a fractured cheekbone. Defendant told the doctor that a police officer hit him with a stick.

Officer Zurawski testified that he clocked defendant going 90 miles per hour in a 55-mile-per-hour zone as he was heading southbound on I-57, and that he saw defendant erratically changing lanes. After a chase, defendant stopped in the left lane of the expressway. Upon confronting defendant, Officer Zurawski found that defendant's breath smelled of alcohol, and that defendant could not produce a driver's license. The officer denied striking defendant but said that because of defendant's drunken condition, he had to struggle with defendant to handcuff him. The officer said that although defendant may have bumped his head at this time, he did not notice any bleeding. Defendant then was put in the front seat of the police car. Officer Zurawski also testified that at the time of the arrest only two vehicles were present, not four, as defendant claimed.

Officer Zurawski further testified that at 6:30 p.m., about 30 minutes after the arrest, the men arrived at the police station. There Officer Zurawski maintained custody and asked defendant to take a standard performance test to determine whether defendant had control over himself. During the test the officer noticed that defendant's nose was bleeding but he did not notice any facial swelling. Officer Zurawski offered defendant a paper towel to wipe his nose. Thereafter, defendant was given his *Miranda* warnings and the officer questioned defendant, who responded to the questions and had no difficulty talking. Officer Zurawski read defendant the request to submit to a breath test and defendant agreed to take the test, which was given at 7:45 p.m. and again 6 minutes later. As a precautionary measure, Officer Zurawski took defendant to the hospital and he was admitted at 8:25 p.m. The officer again denied striking defendant, and said he did not notice if defendant struck his head during this period.

At the conclusion of this hearing, the trial court denied the motion to suppress, and defendant contends that in doing so the court erred. By statute, a person is presumed to have given his "implied consent" to take a breath test which is given pursuant to, and following a lawful arrest for, the offense of driving under the influence of intoxicating liquor. (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1.) That section further provides that "no tests shall be given to any person without the written permission of that person." Defendant's argument is that his conviction should be reversed

on due process grounds. He contends that his consent to the tests was given as a result of police brutality, and that a conviction resting upon evidence obtained as a result of such brutality cannot stand. *Schmerber v. California* (1966), 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826; *Rochin v. California* (1952), 342 U.S. 165, 96 L. Ed. 183, 72 S. Ct. 205.

■■ The record shows that the police advised defendant of the consequences of his consent or refusal to take a breath test. (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1(a).) The record also indicates that defendant was asked to take the performance test. According to Officer Zurawski's testimony, defendant consented to take both tests. The evidence on whether defendant's consent was given voluntarily was conflicting, and the matter involving the credibility of the witnesses became one to be decided by the trial judge sitting as the trier of fact at the hearing on the motion to suppress. The trial judge was not obligated to believe the defendant's story that police beat him with a stick on an open highway at 6 p.m., and that as a result of the alleged beating he took the tests out of fear. While it is true Officer Zurawski did not establish how defendant suffered his injuries, the officer did conjecture that defendant may have bumped his head while being handcuffed. Defendant's suggestion that he consented to the breath test only in fear of further police brutality was a question of the credibility of the witnesses, to be determined by the trial court. The ruling of the trial court on a motion to suppress will not be set aside unless contrary to the manifest weight of the evidence. (*People v. Patton* (1975), 33 Ill. App. 3d 923, 925-26, 339 N.E.2d 22.) We cannot say that the determination here was manifestly erroneous.

■■ Defendant also argues that section 11—501.1(e) of the Motor Vehicle Code forbade the admission into evidence of the test results here by providing in pertinent part that "Any person who is dead, unconscious or who is otherwise in a condition rendering him incapable of refusal, shall be deemed to have withdrawn the consent provided by this Section." (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1(e).) Defendant suggests that regardless of how he came to be injured, because of his extensive facial injuries he was incapable of offering meaningful resistance to a police demand that he submit to a breath test.

However, while defendant testified that because of his injuries he could not talk or see or read the consent papers, the State produced evidence to the contrary. According to Officer Zurawski, defendant agreed to take the breath test and responded intelligently to the interrogation. The officer also explained the bonding procedures to him and believed that defendant understood the explanation. This issue also was one of credibility of the witnesses for the trial court to decide, and we do not find its determination so against the manifest weight of the evidence as to require reversal.

For the above reasons, it was not improper to introduce defendant's breath and performance tests at his trial, and his conviction must be affirmed.

We next consider whether the trial court conducted a legally sufficient sentencing hearing. (See Ill. Rev. Stat. 1973, ch. 38, pars. 1005—4—1(a), 1005—5—3(c).) The defendant claims that his counsel's opportunity to present information and argument in mitigation was restricted by the trial judge, and that the defendant himself was not permitted to speak in his own behalf.

Section 5—4—1(a) of the Unified Code of Corrections provides for a sentencing hearing at which the court is to consider both the evidence received at trial and evidence in aggravation and mitigation. The presentence hearing in this case was extremely brief in duration. The trial court had a presentence report which was not made part of the record on appeal. Apparently, defendant had no prior criminal record because no reference was made to any such record at the hearing or in the briefs. The State recommended incarceration for a term of 6 months. The defendant did not request probation.

When defense counsel attempted to explain that an attorney formerly representing the defendant had absconded with funds received from a personal injury settlement involving the defendant, the State's objection was sustained. The defendant contends that this line of argument was an attempt to show that his personal reversals and frustrations had driven him to drink. Also, defendant points out that when his counsel then referred to the injuries defendant received on the day of his arrest to show that he already had suffered from his conduct on that day, the trial judge on his own motion ordered all such references stricken from the record.

■■ We agree with defendant that the trial judge's actions deprived defendant of an adequate sentencing hearing. Both of these matters related to information concerning defendant's life, were properly offered in mitigation, and should have been considered by the trial judge. Section 5—5—3(c) of the Unified Code of Corrections indicates that evidence of the defendant's life is relevant in a sentencing hearing conducted pursuant to section 5—4—1(a). The trial judge erred in not permitting the matters set forth above to become a part of the record on the matter of mitigation.

■■ Compounding this error was the court's failure to afford the defendant an opportunity to make a statement in his own behalf, in accordance with section 5—4—1(a)(5) of the Unified Code of Corrections. The general rule is that such an oversight or failure is only a technical shortcoming at a hearing in aggravation and mitigation during which counsel's arguments were considered. (*People v. Darling* (1977), 46 Ill. App. 3d 698, 701, 361 N.E.2d 121; *People v. Spiler* (1975), 28 Ill. App.

3d 178, 328 N.E.2d 201.) But where, as here, defense counsel's argument in mitigation was unnecessarily restricted, the additional failure to extend to the defendant the opportunity to address the court in his own behalf became a serious omission. We therefore conclude that the hearing in mitigation did not comply with the statutory requirements.

■■ The defendant also complains that the sentence imposed was too severe. Reviewing courts are hesitant to disturb sentences within limits prescribed by the legislature because the trial court is recognized as being in a better position to impose sentence. (*People v. Taylor* (1965), 33 Ill. 2d 417, 424, 211 N.E.2d 673.) In this case, though, the sentence imposed, while within the limits set by the legislature for a Class A misdemeanor, was especially severe for a person who never had been convicted of driving while intoxicated. In addition, it is our impression that a sentence as severe as the one defendant received is not usually imposed on offenders of this type with no previous criminal record. Therefore, the combination of the inadequacy of the hearing in mitigation and the severity of the sentence requires that the sentence be vacated and that this case be remanded to the circuit court for a new hearing in mitigation and aggravation, as well as for resentencing.

Judgment affirmed in part, vacated in part, and remanded for further proceedings.

JIGANTI, P. J., and McNAMARA, J., concur.