THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MICHAEL HOULDRIDGE *et al.*, Defendants-Appellees.

Fourth District   No. 4—83—0046

Opinion filed September 22, 1983.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman and Kevin T. McClain, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Daniel D. Yuhas and James G. Woodward, both of State Appellate Defender's Office, of Springfield, for appellees.

JUSTICE MILLS delivered the opinion of the court:

The detection of the odor of cannabis smoke emitting from a motor vehicle—by a police officer experienced in the detection of such odors—*does* provide a sufficient basis for a warrantless search of the vehicle.

We reverse and remand for trial.

## FACTS

At approximately 8 p.m. on November 25, 1981, Deputy Jerry

Davis of the Vermilion County sheriff's department was parked on a rough, unpaved county road observing traffic. His patrol car was located at the bottom of a hill, and he observed a vehicle which was descending the hill swerve or slide from the north to the south side of the road. He began following the vehicle and ran a license plate check on it. Davis stopped the vehicle after being advised by the radio operator that its registration was expired.

Davis testified that as he approached the car, he saw the person seated next to the window on the passenger side of the front seat (defendant Songer) drop something out of the window. When Davis arrived at the driver's side of the car, defendant Houldridge (the driver) rolled down the window and Davis "smelled the odor of burned cannabis emitting from the vehicle."

After observing some furtive movements on the part of the defendants Straub and Songer (seated in the middle and on the right side of the front seat, respectively), Davis told all three defendants to place their hands on the dashboard, which they did. Davis then walked around the car, opened the front door on the passenger side, shined his flashlight into the vehicle, and saw a plastic bag containing green vegetable matter on the floor. He seized the bag, field tested it, and found that it contained approximately eight grams of cannabis. He also found a single hand-rolled marijuana cigarette on the ground near the passenger side of the car.

Each of the defendants was subsequently arrested and charged with possession of cannabis. Houldridge was not charged with an expired registration violation because after the arrest of defendants, Davis rubbed the sticker area of the car's rear license plate, which was dirty, and found that the registration sticker was valid.

Deputy Davis stated that he had had extensive training in the detection of the odor of cannabis and also had frequent occasion to smell cannabis smoke in the course of his employment as a sheriff's deputy.

The defendants' version of events subsequent to the stop differs markedly from that of Deputy Davis. Houldridge testified that he exited the car when Davis first approached it. When Davis met Houldridge outside the car, he said that Houldridge was under arrest "for illegal drinking [of] alcohol and smoking [of] marijuana." Davis then looked into the car and told the remaining two occupants to place their hands on the dashboard. He next ordered Straub out of the car and frisked him and did the same with respect to Songer. Only then did Davis search the passenger side of the car. After the search, Davis told Straub and Songer that they also were under arrest.

According to Houldridge, Davis inspected the vehicle's license sticker before ordering Straub and Songer out of the car. Defendant Songer denied throwing anything out of the window after Davis stopped the car, and his testimony as to this point was corroborated by defendant Houldridge.

Following a hearing, the Vermilion County circuit court granted the defendants' motion to suppress the marijuana which Deputy Davis seized, as well as all testimony related to the seizure. The circuit court provided the following reasons for its decision:

"a. *** [T]he mere detection by an officer of an odor which he believes to be that of burning cannabis does not justify a warrantless search of the vehicle.

b. *** [U]nder the present facts there was not sufficient basis for a reasonable belief by the officer that the law was being violated and that evidence of it was in the vehicle to be searched."

The State appeals the circuit court's suppression order.

OPINION

██ ▌ We find no basis for holding that the initial stop of the vehicle in which defendants were traveling was illegal. Generally, a police officer may briefly detain an individual where the officer believes on the basis of articulable facts that there is a substantial possibility that that individual has committed, is committing, or is about to commit a criminal offense. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868; *People v. Jones* (1982), 102 Ill. App. 3d 246, 429 N.E.2d 1101.) More specifically, erratic driving, such as weaving across a roadway or even weaving within the lane of traffic within which a vehicle is traveling, provides a sufficient basis for an investigatory stop of a motor vehicle. (*People v. Boddie* (1969), 274 Cal. App. 2d 408, 80 Cal. Rptr. 83; *State v. Morrison* (La. 1980), 392 So. 2d 1037; *State v. Perry* (1979), 39 Or. App. 37, 591 P.2d 379.) Furthermore, police may reasonably rely on information acquired by police radio (*People v. Hall* (1980), 90 Ill. App. 3d 1073, 414 N.E.2d 201, *cert. denied* (1981), 454 U.S. 893, 70 L. Ed. 2d 207, 102 S. Ct. 388; *People v. Buck* (1968), 92 Ill. App. 2d 16, 235 N.E.2d 837), and information that the registration of a particular vehicle may be expired or invalid may provide an adequate basis for an investigatory stop of that vehicle. See *People v. Ramsey* (1979), 77 Ill. App. 3d 294, 395 N.E.2d 973.

██ In the present case, the weaving of the defendants' vehicle from one side of the road to the other, coupled with the information that the vehicle's registration may have been expired which Davis ob-

tained via his police radio, was more than adequate to provide Davis with a reasonable basis for believing that the vehicle was being operated in violation of the law and was thus subject to an investigatory stop. That the information as to the expired registration ultimately proved to be false is of no consequence here. In performing their duties, the police, under the circumstances presented, may reasonably rely on information contained in official records. (*People v. Bell* (1977), 74 Mich. App. 270, 253 N.W.2d 726; *Perry.*) Also, we note that at oral argument, counsel for defendants agreed that the initial stop was valid.

■ The only real issue in this case is whether a police officer's smelling the odor of marijuana smoke emitting from a motor vehicle provides a sufficient basis for the officer's belief that a crime is being committed in his presence, and hence a basis for a warrantless search under the automobile exception to the warrant requirement. (See *Carroll v. United States* (1925), 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280; *People v. Loe* (1973), 16 Ill. App. 3d 291, 306 N.E.2d 368.) The second and fifth districts have answered this question in the affirmative. (*People v. Smith* (1978), 67 Ill. App. 3d 952, 385 N.E.2d 707; *People v. Laird* (1973), 11 Ill. App. 3d 414, 296 N.E.2d 864; *People v. Erb* (1970), 128 Ill. App. 2d 126, 261 N.E.2d 431.) In *People v. Wombacher* (1982), 104 Ill. App. 3d 812, 433 N.E.2d 374, and *People v. Argenian* (1981), 97 Ill. App. 3d 592, 423 N.E.2d 289, the third district, however, has taken a contrary position, holding that the uncorroborated testimony of a police officer that he smelled the odor of cannabis emitting from a motor vehicle is insufficient to support an unlimited search of the vehicle. (Although there is not complete unanimity among the courts of other jurisdictions which have had the opportunity to consider this question, the great majority of such courts have held that the odor of marijuana smoke, standing alone, provides probable cause for a warrantless search of an automobile, at least where the officer who smells the marijuana is experienced in the detection of such odors.) Annot., 5 A.L.R.4th 681, 687-95 (1981 & 1982 Supp.).

We are of the opinion that *Smith, Laird* and *Erb* represent the better view. Burning cannabis has a rather distinctive odor, and most police officers now receive special training in the detection of this odor, as had Deputy Davis, the officer who conducted the search in the case at bar. Furthermore, Deputy Davis' statement that he detected the odor of burning marijuana emitting from the defendants' vehicle is consistent with his testimony that he saw defendant Songer drop something from the passenger side of the car as he approached

it. This testimony is corroborated by Davis' discovery of a hand-rolled cannabis cigarette lying on the ground in the area where he earlier saw Songer drop something, and by his discovery of a bag containing eight grams of cannabis in the vehicle in which the defendants were riding. Under these circumstances, Deputy Davis' detection of the odor of cannabis smoke emitting from the vehicle which he stopped provided a sufficient basis for his belief that a crime was being committed in his presence and his ensuing search of the vehicle.

■ Moreover, the furtive movements on the part of Straub and Songer, considered in view of the Supreme Court's recent decision in *Michigan v. Long* (1983), 463 U.S. ____, 77 L. Ed. 2d 1201, 103 S. Ct. 3469, provide an additional basis for upholding the validity of the search which resulted in discovery of the marijuana. In *Long*, the court held that when a motor vehicle is subjected to an investigatory stop,

> "[a] search of the passenger compartment of [the] automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." (463 U.S. ____, ____, 77 L. Ed. 2d 1201, 1220, 103 S. Ct. 3469, 3480.)

Under the facts of *Long*, it is irrelevant whether the area searched is within reach of the suspects at the time of the search. In the present case, Straub's and Songer's furtive movements reasonably warranted a belief on the part of Deputy Davis (who was outnumbered three to one) that Straub and Songer were dangerous and might have immediate access to weapons. Thus, Davis' need to provide for his own safety in itself justified a search of the vehicle for weapons.

Finally, the defendants contend that on the basis of the trial court's memorandum opinion, it is apparent that the court disbelieved Deputy Davis' testimony that he smelled cannabis smoke when he approached defendants' vehicle, and that this testimony is thus entitled to little weight. The trial court did not, however, explicitly state that it deemed Davis' testimony incredible; rather, a reading of its memorandum opinion reveals that for purposes of its decision, the court assumed Davis' testimony to be true.

Because of our decision it is unnecessary to discuss the State's other proffered reasons for upholding the search. Since Deputy Davis had ample justification for searching the vehicle in which defendants

were traveling, we reverse the circuit court's suppression order and remand the cause for trial.

Reversed and remanded.

WEBBER, P.J., and MILLER, J., concur.