THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. DANIEL LOUCKS, Defendant-Appellee.

Fifth District    No. 5—84—0828

Opinion filed August 7, 1985.—Rehearing denied August 23, 1985.

John R. Clemons, State's Attorney, of Murphysboro (Kenneth R. Boyle, Stephen E. Norris, and John H. Benham, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

Randy E. Blue and Patricia M. Sarter, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

PRESIDING JUSTICE JONES delivered the opinion of the court:

This is an interlocutory appeal brought by the State from an order of the trial court granting the motion of the defendant, Daniel Loucks, to quash arrest and suppress evidence. In his motion the defendant alleged that his conduct "immediately prior to being stopped was not such as could be reasonably interpreted to constitute probable cause to effectuate a traffic stop." The State raises the single issue of whether the trial court's granting of the defendant's motion was against the manifest weight of the evidence.

The record is supplemented by a statement of facts agreed to by the parties as "substantially the facts presented before the Court." The parties agreed that on October 2, 1984, Officer Cassidy, while on routine patrol in the city of Murphysboro, observed the defendant driving an automobile that was "weaving within his own lane" continuously for a distance of about two blocks. Suspecting that the driver, whom he did not know, was intoxicated, the officer stopped the vehicle. The officer could not detect an odor of alcohol about the driver, who thereafter identified himself as Daniel Loucks, the defendant. "As a part of this traffic stop," the officer ran a license check on the defendant and then arrested him for driving while his driver's license was revoked.

■ The State relies on *People v. Houldridge* (1983), 117 Ill. App. 3d 1059, 1061, 454 N.E.2d 769, 770, in which a deputy sheriff had observed a defendant's vehicle while descending a hill "swerve or slide from the north to the south side of the road." After running a license plate check on the vehicle, the deputy was advised by the radio operator that its registration had expired. After stopping the vehicle the deputy smelled the odor of burned cannabis coming from the vehicle and made other observations not pertinent here. Each of the defendants in *Houldridge* was arrested and charged with possession of canna-

bis. The driver, defendant Houldridge, was not charged with an expired registration violation because, after the deputy had arrested the defendants, he found that the area on the rear number plate where the sticker was to be applied was dirty and that the registration sticker was valid. The court began its analysis by stating:

"We find no basis for holding that the initial stop of the vehicle in which defendants were traveling was illegal. Generally, a police officer may briefly detain an individual where the officer believes on the basis of articulable facts that there is a substantial possibility that that individual has committed, is committing, or is about to commit a criminal offense. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868; *People v. Jones* (1982), 102 Ill. App. 3d 246, 429 N.E.2d 1101.) More specifically, erratic driving, such as weaving across a roadway or even weaving within the lane of traffic within which a vehicle is traveling, provides a sufficient basis for an investigatory stop of a motor vehicle. (*People v. Boddie* (1969), 274 Cal. App. 2d 408, 80 Cal. Rptr. 83; *State v. Morrison* (La. 1980), 392 So. 2d 1037; *State v. Perry* (1979), 39 Or. App. 37, 591 P.2d 379.) ***

In the present case, the weaving of the defendants' vehicle from one side of the road to the other, coupled with the information that the vehicle's registration may have been expired which [the deputy] obtained via his police radio, was more than adequate to provide [him] with a reasonable basis for believing that the vehicle was being operated in violation of the law and was thus subject to an investigatory stop." (117 Ill. App. 3d 1059, 1062-63, 454 N.E.2d 769, 771-72.)

The defendant argues in his brief that

"[t]he record here does not indicate that the trial court rejected *Houldridge*; it does not show that the court found that weaving within one's own lane does not provide a sufficient basis for an investigatory stop of a motor vehicle. Instead, the court found that the defendant's conduct did not establish probable cause to effectuate a traffic stop."

The defendant argues further that " 'weaving' is a highly subjective judgment" and that "a determination of probable cause based on 'weaving' is one of degree" and asserts that the trial court held that the "degree" of weaving here did not constitute probable cause to believe that the defendant was operating a motor vehicle while intoxicated. However, the record does not suggest that any evidence was presented concerning the "degree" of the defendant's weaving, as for example whether the weaving was slight or pronounced. Thus, we find

the defendant's argument in this respect unpersuasive.

■ Weaving within the lane of traffic in which a vehicle is traveling provides a sufficient basis for an investigatory stop of a motor vehicle, and in the instant case the evidence was undisputed that the vehicle the defendant was driving was weaving within its own lane of travel continuously for a distance of about two blocks. Such erratic driving provided Officer Cassidy with articulable facts that there was a substantial possibility that the defendant had committed, was committing, or was about to commit an offense. The undisputed evidence showed that Officer Cassidy had sufficient basis for making an investigative stop of the defendant's motor vehicle.

The defendant maintains further that

> "the officer's actions beyond those necessary to confirm or disprove his suspicion of the driver's intoxication and the request for the defendant's license were beyond the scope of the investigative stop. Simply put, under the circumstances of this case, the officer's act of running a radio check on the defendant's driver's license violated the defendant's fourth amendment guarantee against unreasonable searches and seizures. Once the officer's suspicion that the defendant was intoxicated was disproved, the justification for any further investigation was gone. At that point, there was no longer an 'articulable suspicion' that criminal activity was about to occur or had occurred. Thus, the detention of the defendant while a license check was being made was beyond the scope of *Terry* and constituted an unlawful seizure."

However, the record here does not indicate whether the officer did, in fact, run the license check after he had satisfied himself that the defendant was not intoxicated or whether he had run the check, or had begun to run it, before he had so satisfied himself. The record states only that "[a]s a part of this traffic stop" the officer ran a license check. The defendant made no such assertion in his motion to quash arrest and suppress evidence or, so far as the record shows, at any time in the trial court. Therefore, we decline to consider the question.

We hold that the trial court's order quashing arrest and suppressing evidence was against the manifest weight of the evidence. Accordingly, the order is reversed and the cause remanded to the trial court for further proceedings.

Reversed and remanded.

KASSERMAN and WELCH, JJ., concur.