THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KENNETH TRUMAN, Defendant-Appellee.

Third District   Nos. 3—85—0631, 3—85—0632 cons.

Opinion filed June 20, 1986.—Rehearing denied July 9, 1986.

Tony L. Brasel, State's Attorney, of Watseka, for the People.

Ronald Boyer, of Watseka, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Defendant was charged with driving under the influence (No. 3—85—0631). He also has a case arising from his refusal to take a

breathalyzer test (No. 3—85—0632). A motion to quash defendant's arrest and the fruits thereof, including his failure to take the test, was granted. The State appeals.

Officer Charles Potts testified as the sole witness for the State at the suppression hearing. He was returning to the road after checking various businesses at about 2 a.m. on February 15, 1985, when he spotted defendant's pickup truck swerving off the right side of the road and then coming back to the road and crossing the center line. Potts then attempted to close the distance between his car and the truck. When he had pulled within four car lengths of the truck, Potts observed defendant going off the right side of the road over a broken-down curb. Potts continued to follow closely in order to read the truck's license plate. Finally, the truck completely crossed the center line, forcing an oncoming car to take evasive action. On cross-examination, Potts admitted that he did not cite defendant for improper lane usage.

Potts then activated his red lights and pulled defendant over. Upon approaching the truck he detected a strong odor of alcohol on defendant's breath. After observing defendant's performance on some field sobriety tests, Potts placed defendant under arrest. Defendant refused to take an intoxilyzer test.

Defendant told a markedly different story. He claims that he could not have gone off the road to the right as described by Potts because the drifts from previous snowfalls were too high. Potts recalled no high drifts. Defendant testified to blizzard-like conditions. Potts testified that there had been flurries earlier that evening but there was only blowing snow at the time of the arrest. Defendant and Potts agreed that there was snow and ice on the road, but Potts described the road as dry with only patches of snow and ice. However, he had checked only the "snow" and "ice" boxes on the "road conditions" section of the traffic ticket. Defendant denied crossing the center line as described by Potts, although he testified that some of the blowing snow obscured the center line. On cross-examination, defendant admitted having consumed eight or nine beers in the previous three hours.

The trial court found that "there was no probable cause for the stop and arrest" and granted the motion to suppress. We reverse and remand.

■ Although it is not critical to the outcome of this case, a brief academic digression is necessary. The court did not distinguish the standards applicable to investigatory stops and arrests. For an arrest to be made without a warrant, probable cause must be

shown. (*Adams v. Williams* (1972), 407 U.S. 143, 32 L. Ed. 2d 612, 92 S. Ct. 1921.) However, where a police officer believes on the basis of articulable facts that there is a substantial possibility that an individual is committing an offense, he may be briefly detained and questioned. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) Pulling a car over constitutes a legitimate *Terry* stop when the officer observes an individual driving erratically. *People v. Houldridge* (1983), 117 Ill. App. 3d 1059, 454 N.E.2d 769.

■ In the instant case, it was not necessary for Potts to have probable cause to stop defendant and to detain him briefly. Assuming the stop to be proper, once Potts determined that defendant was under the influence of alcohol, there was probable cause for a full-blown arrest.

■ The decision of the trial court on a motion to suppress will not be reversed unless it is against the manifest weight of the evidence. (*People v. Sterling* (1978), 62 Ill. App. 3d 986, 379 N.E.2d 660.) A decision is said to be against the manifest weight of the evidence where the opposite conclusion is clearly apparent from the record. *In re Application of County Collector* (1978), 59 Ill. App. 3d 494, 375 N.E.2d 55.

A finding that Officer Potts did not have a reasonably articulated suspicion that an offense was being committed would be against the manifest weight of the evidence. On a motion to suppress evidence discovered as the result of an illegal stop or arrest, the burden of proof is on the defendant. (*People v. Petersen* (1982), 110 Ill. App. 3d 647, 441 N.E.2d 941.) The most favorable reading of the record available to defendant is that, credibility of the witnesses aside, it is as probable as not that he was observed driving very erratically. With the burden of proof upon defendant, the court's conclusion is immediately dubious. When one factors in defendant's obviously impaired condition, it becomes difficult to understand how the court could credit his testimony over that of the arresting officer. Defendant points to several pieces of Pott's testimony which were impeached. At best, however, this impeachment is collateral to the clear and convincing evidence of erratic driving. In short, the record clearly reveals that it was not proved by defendant that Potts did not have a reasonably articulated suspicion that an offense was being committed.

■ Accordingly, we reverse suppression of the fruits of the stop and arrest. We remand for further proceedings on both the DUI and the refusal to take a breath test.

Reversed and remanded.

SCOTT, P.J., concurs.

JUSTICE WOMBACHER, dissenting:

I dissent.

I agree with the case law presented by the majority. However, my agreement ends when the majority finds that the decision of the trial judge is against the manifest weight of the evidence. As the majority states, "Defendant told a markedly different story [than the officer did]." This, I believe, created a material issue of fact that only the trial judge could resolve by determining the credibility of the witnesses.

In order to make his finding, the trial judge had to believe defendant's story. He stated that he did not drive erratically on the night in question. Thus, under defendant's version, there was no basis for any *Terry* stop. (*Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.) The fact that the officer's story was different does not limit the trial court's discretion in arriving at a decision, nor ours.

The trial judge is not obliged to believe the testimony of the arresting officer. (*Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 347 N.E.2d 278.) The reviewing court shall give the findings of the trier of fact great deference. (*People v. Gardner* (1981), 97 Ill. App. 3d 854, 424 N.E.2d 95.) The fact that we may have decided the case differently on the same facts is insufficient to warrant reversal. (*People v. Cooper* (1977), 66 Ill. 2d 509, 369 N.E.2d 817.) The majority have decided to the contrary and, as a result, have reversed this case. I therefore respectfully dissent.