[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 484
On August 14, 1992, about 10:00 p.m. Trooper Kohl of the Connecticut State Police observed the defendant's white Lincoln automobile travelling easterly on route 202 in New Hartford near Ramstein Road. The vehicle was weaving, drifting back and forth and swerving excessively in the eastbound lane and twice crossed over the white shoulder line, almost striking warning signs over catch basins being installed in the edge of the paved highway. As a result of his observation, Kohl who was off duty, called to his fellow New Hartford resident State Trooper Baldwin by radio to the effect that he was following a drunk driver eastbound on Route 202. Trooper Baldwin met Kohl in the Bakersville section of New Hartford and following Kohl. Kohl had activated his wig-wag front lights and later his siren and pulled the Lincoln over with Baldwin following Kohl in his vehicle. At issue is the legality of the stop of the white Lincoln then being driven by the defendant who was arrested for operating under the influence of liquor by Baldwin.
Trooper Kohl had been a Connecticut State Trooper for over 7 years, had undergone police training concerning operating motor vehicles under the influence of liquor, had participated in approximately 100 such arrests during his career. He observed that the defendant's operation of the vehicle before being pulled over was not normal and Kohl concluded he was following a driver who was under the influence of alcohol. State v. Lamme,216 Conn. 172 (1990) sanctions an investigative stop in the absence of probable cause if the officer has a reasonable and articulable suspicion that a crime has been or is about to be committed. Neither the Federal Constitution or the State Constitution requires probable cause for such a brief investigative detention. Terry v. Ohio, 392 U.S. 1 (1968); State v. Lamme, supra, at 184-5.
The court holds that Kohl's observations, in light of his training and experience do constitute reasonable and articulable suspicion that the defendant was driving while under the influence of intoxicating liquor. See Applegate v. Commissioner, 399 N.W.2d 162. Erratic operation which constitutes abnormal operation of a vehicle does constitute such grounds for suspicion. People v. Loucks, 481 N.E.2d 1086 (Ill.App. 5 Dist. 1985); People v. Truman, 494 N.E.2d 1210 (Ill.App. 3 Dist. 1986); State v. Dail,424 N.W.2d 99, 103 (Nev. 1988); State v. Thomte, 413 N.W.2d 916 (Neb. 1987).
Weaving, even if within one's own lane, is sufficient to justify such a stop. State v. Harrison, 30 Conn. App. 108, 112 note 4; People v. Sherwood, 555 N.Y. Supp.2d 464, 465-66 (N.Y.App. A.D.3d 1990) affirmed CT Page 485 559 N.E.2d 695; People v. Houldridge, 454 N.E.2d 769, 771 (Ill.App. 4 Dist. 1983).
Trooper Kohl was justified in stopping the defendant's vehicle to confirm or dispel the suspicion in his mind and was not based on any more than a mere hunch. The facts available did warrant a man of reasonable caution in the belief that his action was appropriate. State v. Januszewski, 182 Conn. 148-149 (1980).
Accordingly, since the stop here was not illegal, the defendant's motion to dismiss is denied.
McDONALD, J.