**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Christopher BAUMGARDNER,**
**Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 23, 2000.
Filed Jan. 23, 2001.

William G. Braught, Public Defender, Carlisle, for appellant.

Jaime M. Keating, Asst. Dist. Atty., Carlisle, for Com.

Before DEL SOLE, HUDOCK and TAMILIA, JJ.

HUDOCK, J.:

¶ 1 This is an appeal from the judgment of sentence entered after the trial court found Appellant guilty of driving while operating privilege is suspended or revoked-DUI related. 75 Pa.C.S.A. § 1543(b). The trial court sentenced Appellant to pay the mandatory fine of $1,000.00 and to serve the mandatory ninety days' incarceration. This appeal is limited to the question of whether the trial court erred in denying Appellant's motion to suppress. We affirm.

¶ 2 The trial court found the following facts:

> Officer [Jeffrey] Potteiger stopped a vehicle that [Appellant] was driving at 1:55 a.m., on June 25, 1999. He had observed [Appellant] driving in Silver Spring Township, south on the Carlisle Pike where the Pike has two lanes southbound, two lanes northbound, and a turning lane in the middle. He followed [Appellant] for approximately two miles, during which time he saw [Appellant] weave from side-to-side in the right hand lane, more or less for that entire distance. Suspecting that the operator was driving while under the influence of alcohol, Officer Potteiger stopped [Appellant] for further investigation. In the course of that investigation, he learned that [Appellant] was driving under suspension DUI-related.

Trial Court Opinion, 7/17/00, at 2.

¶ 3 Our standard and scope of review of the denial of a suppression motion are as follows:

Our standard [of] review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing rulings of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Korenkiewicz*, 743 A.2d 958, 962 (Pa.Super.1999) (*en banc*), *appeal denied*, 563 Pa. 659, 759 A.2d 383 (2000) (quoting *Commonwealth v. Hawkins*, 549 Pa. 352, 377, 701 A.2d 492, 504–05 (1997), *cert. denied*, 523 U.S. 1083, 118 S.Ct. 1535, 140 L.Ed.2d 685 (1998)).

■ ¶ 4 A police officer may stop a vehicle when he or she has reasonable and articulable grounds to suspect a violation of the Vehicle Code. 75 Pa.C.S.A. § 6308(b). " 'The reasonable suspicion necessary to justify a vehicular stop is less stringent than probable cause, but the officer must have more than a hunch as the basis of a stop.' " *Korenkiewicz*, 743 A.2d at 963 (quoting *Commonwealth v. Wright*, 448 Pa.Super. 621, 672 A.2d 826, 830 (1996)). Moreover, an officer need not establish an actual violation of the Vehicle Code before stopping a vehicle. *Commonwealth v. Bowersox*, 450 Pa.Super. 176, 675 A.2d 718, 721 (1996). A stop may be based on an officer's observation of erratic driving. *Commonwealth v. Starr*, 739 A.2d 191, 195 (Pa.Super.1999); *Commonwealth v. Masters*, 737 A.2d 1229, 1232 (Pa.Super.1999), *appeal denied*, 562 Pa. 667, 753 A.2d 816 (2000); *Commonwealth v. Montini*, 712 A.2d 761, 764 (Pa.Super.1998);

*Commonwealth v. Lawrentz*, 453 Pa.Super. 118, 683 A.2d 303, 305 (1996).

■ ¶ 5 Appellant raises the question of whether a vehicle weaving within its own lane justifies an investigatory stop. In addressing this question, the trial court turned to cases from other states for guidance. In support of its conclusion that a vehicle weaving within its own lane may justify an investigatory stop, the trial court relied on the following cases in which a vehicle weaving within its own lane was held to raise a reasonable suspicion that the driver was intoxicated and, thus, to justify a stop of the vehicle: *State v. Superior Court in and for Cochise County*, 149 Ariz. 269, 718 P.2d 171 (1986); *People v. Perez*, 175 Cal.App.3d Supp. 8, 221 Cal. Rptr. 776 (1985); *People v. Loucks*, 135 Ill.App.3d 530, 90 Ill.Dec. 286, 481 N.E.2d 1086 (1985); *State v. Tompkins*, 507 N.W.2d 736 (Iowa Ct.App.1993); *State v. Field*, 252 Kan. 657, 847 P.2d 1280 (1993); *State v. Huckin*, 847 S.W.2d 951 (Mo.Ct. App.1993); *State v. Thomte*, 226 Neb. 659, 413 N.W.2d 916 (1987); *State v. Dorendorf*, 359 N.W.2d 115 (N.D.1984); *State v. Bailey*, 51 Or.App. 173, 624 P.2d 663 (1981).[1] Our research has revealed additional support for this conclusion in *Neal v. Commonwealth*, 27 Va.App. 233, 498 S.E.2d 422 (1998).

■ ¶ 6 Appellant has not cited any contrary authority from other jurisdictions, and our research has revealed only two states, Illinois and Ohio, in which courts have held otherwise. However, decisions in those states are mixed. In *People v. Manders*, 317 Ill.App.3d 337, 251 Ill.Dec. 234, 740 N.E.2d 64 (2000), the Appellate Court of Illinois, Second District, held that weaving within one's own lane is not sufficient to support an investigatory stop. We note that this is inconsistent with another

---

1. The court also relied on *State v. Ellanson*, 293 Minn. 490, 198 N.W.2d 136 (1972), in which the Minnesota Supreme Court merely asserted without explanation that the stop was justified. In addition, the court relied on

*Brown v. State*, 595 So.2d 270 (Fla.Dist.Ct. App.1992). That case is distinguishable in that the driver was also accelerating and decelerating.

opinion of the Second District, *People v. Diaz*, 247 Ill.App.3d 625, 187 Ill.Dec. 391, 617 N.E.2d 848 (1993), and with the opinion of the Fifth District in *Loucks, supra.* In Ohio, some districts of the Court of Appeals have found that weaving in one's own lane can be the sole basis for an investigatory stop, while others have declined to do so. *See, e.g., State v. Spikes*, 1995 Ohio App.Lexis 2649, *4, 1995 WL 407357, *4 (Ohio Ct.App.1995) (modifying *State v. Gedeon*, 81 Ohio App.3d 617, 611 N.E.2d 972 (1992)). Thus, we conclude that the great weight of authority supports the conclusion that weaving within one's own lane may support an investigatory stop based on suspicion of intoxication, under the specific circumstances of this case.

¶ 7 In doing so, we recognize that there are varying degrees of weaving, and we do not hold that any motion that may be described as "weaving" will support a stop. In this we are persuaded by those decisions that hold that the weaving must be more than "slight," "minimum," or "subtle" or that it must be "excessive," "pronounced," or "exaggerated." *E.g., Salter v. Department of Transportation*, 505 N.W.2d 111 (N.D.1993); *Spikes, supra; State v. Binette*, 33 S.W.3d 215 (Tenn. 2000). We also wish to emphasize that a single instance of swerving or weaving, without more, does not constitute sufficient facts for an officer to articulate a reasonable suspicion that a driver is under the influence of alcohol. *Commonwealth v. Carlson*, 705 A.2d 468, 471 (Pa.Super.1998).

¶ 8 In the instant case, the trial court found that Appellant wove from one side of his lane to the other and that this weaving continued over a distance of approximately two miles. Our careful inspection of the certified record indicates that these findings are supported by the testimony of Officer Potteiger. We conclude that the severity of the weaving, combined with its duration, sufficed to justify Officer Potteig-er's suspicion of intoxication and his stop of Appellant's vehicle.

¶ 9 Judgment of sentence affirmed.